```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

VIRGINIA STOVER,

                Plaintiff,        22-cv-6970 (JGK)

    - against -                ORDER OF SERVICE

TARGET CORPORATION, ET AL.,

                Defendant.

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

Plaintiff Virginia Stover, who is proceeding *pro se*, originally filed this action in the Supreme Court of the State of New York, Bronx County. See Stover v. Target Corp., Index No. 1220/2022 (filed Mar. 15, 2022). Named as Defendants are Target Corporation and the "New York Police Department," which the Court understands to the be the New York City Police Department (NYPD). On August 16, 2022, Defendant Target Corporation, through counsel, filed a notice of removal removing the case to this court.

## DISCUSSION

**A.**   **Claims against the NYPD**

Plaintiff brings claims against the NYPD, but an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins

v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add the City of New York as a defendant. See Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.   Order of Service**

The Clerk of Court is directed to issue a summons as to Defendant City of New York. Plaintiff is directed to serve the summons and complaint on this defendant within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served this defendant or requested an extension of time to do so, the Court may dismiss the claims against this defendant under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD because an agency of the City of New York is not an entity that can be sued. See N.Y. City Charter ch. 17, § 396. The Clerk of

Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to issue a summons as to Defendant City of New York.

**SO ORDERED.**
**Dated:    New York, New York**
           **August 19, 2022**

                              /s/ John G. Koeltl
                              **John G. Koeltl**
                        **United States District Judge**