```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------
```
VIRGINIA STOVER,
                                            22-cv-6970 (JGK)
                    Plaintiff,
                                            MEMORANDUM OPINION
          - against -                       AND ORDER

TARGET CORPORATION,

                    Defendant.
```
-----------------------------------------

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Virginia Stover, brought this action against the defendant, Target Corporation ("Target"), alleging that Target's negligence caused her to sustain injuries in a physical altercation with another customer at a Target store. Target has moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment dismissing the plaintiff's claim. For the following reasons, Target's motion for summary judgment is **granted.**

I.

Unless otherwise indicated, the following facts are taken from the parties' Local Civil Rule 56.1 statements and are undisputed.

On December 15, 2021, the plaintiff was a customer in line at a Target store at 40 West 225th Street, Bronx, New York. Def. Rule 56.1 Statement ¶¶ 1-2, ECF No. 48. The plaintiff waited approximately six to ten minutes in the line to pay for her

items. Decl. of Mitchell B. Levine ("Levine Decl."), Ex. C ("Stover Dep.") at 50, ECF No. 47-3.

The plaintiff testified at her deposition that, at some point, the plaintiff noticed that the cashier checking items in the plaintiff's line switched places with another cashier. Id. According to the plaintiff, the switch between cashiers impacted the order of customers in line, resulting in an unidentified male customer behind her cutting in front of her. Id. at 51-52.

After the man cut in front of the plaintiff in line, the plaintiff cut back in front of the man in an attempt to retake her position in line. Def. Rule 56.1 Statement ¶¶ 5, 21. When the plaintiff then began to place her items onto the register belt, a physical alteration occurred: the man pushed the plaintiff's shopping cart into her body twice. Id. ¶¶ 23-26.

The plaintiff testified that the man did not give her or anyone any warning before he pushed her with the shopping cart. Stover Dep. at 66. The first time the shopping cart was pushed into her body, the plaintiff claims that items fell out of her shopping cart. Id. at 57-58. The plaintiff testified that she attempted to pick the items up from the floor, and the man pushed the shopping cart into her again. See id. at 59-60. The plaintiff explained that the incident "went so fast," happened out of nowhere, and lasted "less than ten seconds." Id. at 61, 63. Right after the altercation, the plaintiff noticed an NYPD

officer next to her, along with other Target employees. See id. at 61–62.

The Target security footage of the event is largely consistent with the plaintiff's testimony, although the plaintiff does dispute the validity of the video footage.[1] Pl. Resp. to Def. Rule 56.1 Statement ¶ 37, ECF No. 51. The video fails to demonstrate that any items fell out of the plaintiff's shopping cart or that the plaintiff bent over to pick anything up. Levine Decl., Ex. F at 3:10:40. The video reflects that the difference in time between the initial push of the shopping cart into the plaintiff and the second push was four seconds. See id.

The plaintiff provided little information on the male customer who shoved the shopping cart into her. She does not know the male customer's name, employment, previous criminal history, whether he had ever been to that Target location, and whether he had said anything to a Target employee before the incident. See Def. Rule 56.1 Statement ¶¶ 7–13; see also Stover Dep. at 63–64.

The plaintiff claims to have sustained occasional pain on her left side, lower back pain, high blood pressure, and

---

[1] The plaintiff claims that the footage depicting the incident was tampered with because it conflicts with her recollection insofar as it excludes her bending down to pick up the items and does not show the police officer beside her. See Stover Dep. at 154–63. However, the plaintiff does not dispute that the male customer hit her with the shopping cart twice within a few seconds.

3

emotional harm and seeks one million dollars in damages. Pl. Resp. to Def. Rule 56.1 Statement, at 6. The plaintiff claims that Target's negligence caused her injuries. She contends that Target should have been aware of the possibility of a physical altercation and failed to take preventative measures; the cashier moving to a different cash register caused the altercation; and Target employees failed to intervene during the altercation.

The plaintiff sued Target in New York State Supreme Court, Bronx County. Levine Decl., Ex. A at 1, ECF No. 47-1. Target removed the action to this Court. Not. of Removal, ECF No. 1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Target has moved for summary judgment dismissing the plaintiff's negligence claim. ECF No. 45.

## II.

The standard for granting summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] The moving party bears the initial burden

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

4

of "informing the district court of the basis for its motion" and identifying the materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). At the summary judgment stage, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Courts should afford pro se litigants "special solicitude" on motions for summary judgment. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988); Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam). Courts should "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see also Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (noting that courts must read a pro se litigant's supporting papers liberally). This liberal pleading standard, however, "does not relieve plaintiff of [the plaintiff's] duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records,

5

351 F.3d 46, 50 (2d Cir. 2003). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (Sotomayor, J.) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)); see also Carter v. Ponte, No. 17-cv-1830, 2018 WL 4680995, at *4 (S.D.N.Y. Sept. 28, 2018).

### III.

Target has moved for summary judgment on the plaintiff's negligence claim. Target's main contention is that the plaintiff has failed to establish that Target had a duty to prevent altercations like the one that occurred between the plaintiff and the male customer. Target argues that the incident in question was sudden and unexpected—including to the plaintiff herself—and therefore unforeseeable. Target also contends that the plaintiff has failed to establish that prior incidents should have put the defendant on notice of the one in this case.

Under New York law, establishing a prima facie case of negligence requires the plaintiff to show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury. See Lerner v. Fleet Bank, 459 F.3d 273, 286 (2d Cir. 2006). Landowners owe a "duty to control the conduct of third persons on their premises when they have

6

the opportunity to control such persons and are reasonably aware of the need for such control." Pink v. Rome Youth Hockey Ass'n, Inc., 63 N.E.3d 1148, 1150 (N.Y. 2016). However, "[a] possessor of a public establishment has no duty to protect against unforeseeable and unexpected assaults." Wall v. Starbucks Corp., 179 N.Y.S.3d 739, 741-42 (App. Div. 2022). Put simply, the scope of a landowner's duty depends on whether the incident was foreseeable. See Johnson v. Starbucks Corp., 690 F. Supp. 3d 251, 261 (S.D.N.Y. 2023). Foreseeability is defined by reference to prior incidents and the likelihood of actions by third parties that may endanger a visitor's safety. See Maheshwari v. City of New York, 810 N.E.2d 894, 897 (N.Y. 2004).

On this motion, the central issue is whether Target owed the plaintiff a duty of care in connection with the incident in this case. Because there is no evidence that the incident was foreseeable, the plaintiff cannot establish that Target had a duty to prevent the altercation.

### A.

In this case, the evidence in the record supports the conclusion that the incident was not foreseeable. At her deposition, the plaintiff testified that the incident "went so fast" and was "less than ten seconds." Stover Dep. at 61. Although the plaintiff now argues that the alleged switch in cashiers "caused" the altercation, Pl. Sur-Reply at 1, ECF No.

7

56, there is no evidence to support that assertion. The plaintiff testified that she had no warning before the altercation occurred. See Stover Dep. at 66. Both the security footage and the plaintiff's testimony demonstrate the incident was unprovoked and lasted seconds. See id. at 63, 74; see also Levine Decl., Ex. F at 3:10:40. In other words, it is undisputed that Target's employees had no meaningful "opportunity to control such persons" in a way that would have prevented the situation. See Pink, 28 N.Y.3d at 997-98.

    New York courts have granted summary judgment for defendants in cases involving similar altercations. For example, in Scharff v. L.A. Fitness International, LLC, the plaintiff sued a gym after being assaulted by two men during a basketball game on the premises. 30 N.Y.S.3d 574, 574 (App. Div. 2016). The court concluded that L.A. Fitness was entitled to summary judgment dismissing the plaintiff's negligence claim because the plaintiff's own testimony established that the assault "happened suddenly and without warning," and therefore the plaintiff had "failed to demonstrate that L.A. Fitness could reasonably have anticipated or prevented the assault." Id. at 574-75. In Millan v. AMF Bowling Centers, Inc., the plaintiff sued a bowling alley after being assaulted by another patron. 833 N.Y.S.2d 173, 174 (App. Div. 2007). The court in that case concluded that the defendant was entitled to summary judgment because the assault

8

was spontaneous and could not have been reasonably anticipated. Id. at 175.

Accordingly, there is no evidence that the incident was foreseeable to Target.

**B.**

The plaintiff also fails to identify prior incidents that would have put the defendant on notice of the incident in this case. A plaintiff can demonstrate foreseeability by presenting evidence of prior criminal acts sufficiently similar to the act in question. See Gray v. Denny's Corp., 535 F. App'x 14, 15 (2d Cir. 2013).

For example, in Johnson v. Starbucks Corp., a customer sued Starbucks after being violently assaulted by another patron inside one of its stores. See 690 F. Supp. 3d at 255. Prior incidents described as violent, including past assaults on employees—such as attempts to punch them, spit on them, and throw coffee at them—had occurred at that Starbucks location. Id. at 264. The store's location beneath a methadone clinic, which drew in individuals who sometimes engaged in disruptive or violent behavior, increased the risk. Id. Additionally, some employees had raised safety concerns and requested more security. Id. at 264-65. The court in Johnson concluded that issues of fact as to the foreseeability of the assault precluded summary judgment. See id. at 267.

By contrast, in Haire v. Bonelli, a plaintiff brought a negligence claim against a mall after being injured by gunfire from an individual who opened fire at the mall. See 967 N.Y.S.2d 475, 477 (App. Div. 2013). Although the mall had a "history of criminal and police activity" and the defendant had a general awareness of mall shootings occurring nationwide, the court held that the incident was not foreseeable. Id. at 479. The court in Haire reasoned that the evidence failed to show that the defendant had more than "a general awareness" of potential danger and an "acknowledgment that such a random event could, conceivably, happen anywhere." Id.

In this case, the plaintiff failed to provide any evidence that a similar incident at this Target location had happened before. The plaintiff also provided no information on the male customer who allegedly pushed the shopping cart into her side, and there is no evidence that the man in question had been involved in previous altercations at that location. See Stover Dep. at 63-4. In other words, nothing in the record indicates that Target or its employees should have noticed the man in the store based on a history of prior incidents that were sufficiently similar and removed him before the incident took place.

Rather than identifying specific past altercations at that Target location, the plaintiff points to the occurrence of

10

general criminal activity at that Target location. See Pl. Rule 56.1, Ex. H, ECF No. 55. However, the only specific prior incidents presented by the plaintiff had no connection to the present incident. For example, the plaintiff attaches copies of an Instagram post and news articles reporting two robberies at that Target, as well as a car crash near the store parking lot (where the car was driven through a wall). These past incidents are not substantially similar to the altercation at issue in this case. Target's "general awareness" of past criminal activity at that store—activity that bears no resemblance to the incident that occurred in this case—is not enough to establish the foreseeability of the incident in question. See Haire, 967 N.Y.S.2d at 479.

### c.

The plaintiff also contends that Target was negligent in allegedly failing to show concern for the plaintiff following the incident, report the incident, or gather further evidence from the plaintiff. However, the evidence in the record contradicts this assertion. The defendant provided security footage of the incident to the plaintiff. Levine Decl., Ex. F at 3:10:40. Notably, the plaintiff explained that right after the incident occurred, there was a "huddle" next to the plaintiff between about five or six employees and one NYPD officer. Stover Dep. at 58.

In addition, the plaintiff has failed to produce evidence to support her contention that the security footage of the incident was tampered with. Nothing about the video footage suggests that the footage was altered or doctored in any way, and the defendant has provided an affidavit from a Target employee affirming that the video has not been altered or edited. See Levine Decl., Ex. G at 4. Hence, the video may properly be considered by the Court on summary judgment. See Vasquez v. Warren, 630 F. Supp. 3d 524, 530 n.2 (S.D.N.Y. 2022).

Moreover, only minor inconsistencies exist between the plaintiff's testimony of the event and the video, and any such inconsistencies are not material. Both the security footage and the plaintiff's testimony demonstrate that the incident happened quicky and without warning, and therefore was unforeseeable to Target.[3] Accordingly, there is no genuine dispute that Target was not negligent in failing to prevent the incident. Therefore, the motion for summary judgment is **granted**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments

---

[3] The plaintiff also claims that she was not given discovery. See Pl. Sur-Reply at 1–2. But the time to pursue discovery has passed, and there is no evidence that the defendant failed to comply with any discovery obligations. Furthermore, there is no evidence that any discovery could change the plaintiff's own description of the event and the video footage.

are either moot or without merit. For the foregoing reasons, Target's motion for summary judgment is **granted**. The Clerk is respectfully directed to enter judgment dismissing the action with prejudice. The Clerk is also requested to close ECF No. 45 and to close this case. The Clerk should also email a copy of this Memorandum Opinion and Order to the plaintiff at vrgstover@gmail.com.

**SO ORDERED.**

**Dated:**   New York, New York
         June 30, 2025

_____
John G. Koeltl
**United States District Judge**